UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. WARSAW,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CAPTAIN J. GARCIA, CDCR A.W - A MAY AND STAFF A. PEREZ,<br><br>　　　　　Defendants. | Case No.: 25-cv-1262-JO-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE**<br><br>**[Dkt. No. 6]** |

Plaintiff Christopher D. Warsaw, an inmate currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. *See* Docket. Before the Court is Plaintiff's Motion for Appointment of Counsel. Dkt. No. 6 ("Mot."). For the reasons set forth below, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

On February 13, 2025, Plaintiff filed a complaint in San Diego Superior Court, North County Division. Dkt. No. 1-3 at 4-9. In his complaint, Plaintiff alleges that Defendants violated his constitutional rights by denying him access to the courts in an active criminal proceeding and by interfering with evidence. *Id.*

On May 16, 2025, Defendants removed Plaintiff's case to this Court. Dkt.

No. 1.

On May 29, 2025, Defendants moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12.  Dkt. No. 2.

On June 2, 2025, the Court issued an Order Setting Briefing Schedule requiring Plaintiff to file an opposition to Defendants' Motion to Dismiss [Dkt. No. 2] by July 14, 2025, and Defendants to file any reply by July 28, 2025.  Dkt. No. 3.

On June 12, 2025, Plaintiff filed the instant motion.  Mot.  Plaintiff argues that appointing counsel is appropriate here because "[t]he Defendants acted under color of law/violated Due Process etc." and exceptional circumstances exist due to the complexity of the legal and factual issues involved in this matter.  Mot. at 1.

## DISCUSSION

There is no absolute right to counsel in civil proceedings.  *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009).  However, District Courts have discretion to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances."  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "That a *pro se* litigant may be better served with the assistance of counsel is not the test."  *Okler v. MCC IMU Prison*, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019).  Instead, the Court "must determine whether . . . there is a likelihood of success on the merits" and whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved."  *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014).  Neither factor is "dispositive" but "must be considered cumulatively."  *Id.*

A.  **Likelihood of Success**

The Court first considers whether Plaintiff is likely to succeed on the merits of his claim.  Given the early stage of the proceedings, there is no basis upon which the Court can predict Plaintiff's success at trial.  *See Campos v. K.U.S.I. News*

*Media*, No. 3:19-cv-01455-BAS-AGS, 2019 WL 4674290, at *2 (S.D. Cal. Sept. 24, 2019) (denying prisoner's motion to appoint counsel where it "[was] simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim"). The Court therefore finds that this factor weighs against the appointment of counsel.

**B.     Plaintiff's Ability to Pursue His Claims**

"When determining whether 'exceptional circumstances' exist, a court *must consider* . . . the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970.  Plaintiff does not argue that he is unable to effectively articulate his claims.  Mot.  Instead, Plaintiff argues that conducting depositions and discovery, and calling witnesses at trial, some of whom are inmates, will be a very complex process that is likely to be actively impeded by prison officials due to the status of Defendants. *Id.* at 2-3.

As an initial matter, the Court notes that the mechanisms for discovery under the Federal Rules of Civil Procedure, including a motion to compel a person to respond to discovery, are available to Plaintiff despite his incarceration.  The Court also reminds Plaintiff – and Defendants – that Defendants' compliance with the Federal Rules, and their good faith and cooperation in the discovery process, are expected.  If Plaintiff is unable to resolve any discovery matter with Defendants or other responding parties after a thorough meet and confer, he may then seek the Court's assistance.  Additionally, Plaintiff's need to conduct discovery and examine witnesses does not constitute exceptional circumstances.  These tasks are common among all participants in civil litigation and not unique to Plaintiff. *See Williams v. Lozano*, No. 1:15-cv-01250-BAM (PC), 2018 WL 558765, at *1 (E.D. Cal. Jan. 25, 2018) ("Even if it is assumed that [p]laintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.").

///

## ORDER

For the reasons set forth above, the Court finds Plaintiff has not met his burden to establish exceptional circumstances warranting the appointment of counsel. Plaintiff's Motion for Appointment of Counsel is therefore **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims. *Cano*, 739 F.3d at 1219.

**IT IS SO ORDERED.**

Dated: June 20, 2025

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge