UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. WARSAW,<br><br>         Plaintiff,<br><br>v.<br><br>CAPTAIN J. GARCIA, CDCR A.W. - A MAY, STAFF A. PEREZ,<br><br>         Defendants. | Case No.: 25-cv-1262-JO-DDL<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**[Dkt. No. 2]** |

  The undersigned respectfully submits this Report and Recommendation to United States District Judge Jinsook Ohta pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.3. Plaintiff Christopher D. Warsaw ("Plaintiff"), an inmate at Richard J. Donovan Correctional Facility ("RJD"), is proceeding *pro se* in this civil rights action. Before the Court is a Motion to Dismiss Plaintiff's Complaint (the "Motion to Dismiss") by Defendants A. Perez, J. Garcia, and A. May (collectively "Defendants"). Dkt. No. 2.

  For the reasons stated below, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss **WITH LEAVE TO AMEND**.

/ / /

# I.
# BACKGROUND

## A. Procedural History

On February 13, 2025, Plaintiff filed his initial complaint in the Superior Court of California, County of San Diego. Dkt. No. 1-4 at 13-39. Defendants removed the action to this Court on May 16, 2025. *Id.*

On May 29, 2025, Defendants filed the instant Motion to Dismiss for Failure to State a Claim. Dkt No. 2.

On May 30, 2025, Plaintiff filed a timely motion objecting to removal that the Court interpreted as a motion to remand and a motion for appointment of counsel. Dkt. Nos. 4, 6; 28 U.S.C § 1447(c). On July 17, 2025, the District Court denied Plaintiff's motion to remand, "constru[ing] Plaintiff's claim that state prison officers wrongly denied him access to legal materials for his state criminal and habeas cases as a 42 U.S.C. § 1983 claim for a violation of the First Amendment right to access the courts" over which the Court has original jurisdiction. Dkt. No. 11.

On July 17, 2025, Plaintiff requested entry of Clerk Default under Rule 55(a) against Defendants for failing to file an answer or responsive pleading to the complaint within 21 days pursuant to Rule 12(a)(1)(A)(i). Dkt. No. 12.

## B. Complaint Allegations

The first page of Plaintiff's Complaint describes his cause of action as "due process violation" and "under color of law." The Complaint contains two causes of action. The first cause of action alleges Defendants "violated my constitutional rights 'due process' by denying me access to the courts in a pending 1054.9 discovery motion pending before Judge Ronald S. Coen, Dept. 101 LA Superior Court." Dkt. No. 1-3 at 7. Specifically, Plaintiff alleges he requested Officer Paul Devlin's bodyworn camera ("BWC") footage from a shooting incident involving Plaintiff "preparing to file a writ of habeas and Pitchess motion against Officer Paul Devlin of the Inglewood Police Department." *Id.* The BWC video was sent to

Plaintiff at RJD by Lieutenant Scott Collins of the Inglewood Police Department ("IPD"). *Id.* Plaintiff alleges Defendants denied him access to the video and sent the video back to the IPD. *Id.*

Plaintiff's second cause of action alleges Defendants "intentional[ly] interfered with evidence sent to Plaintiff bodycam video also intentionally inflicted emotional/physical distress." *Id.* at 8.

The Complaint includes documentation from Plaintiff's CDCR grievances. *Id.* at 10-29. According to an "Office Of Appeals Decision" issued on May 24, 2024:

> Appellant's received disc was correctly considered contraband as outlined within Title 15, section 3006(c)(10) and appellant received a Form 1819, Notification of Disapproval for Mail/Packages/Publications accordingly. Furthermore, appellant does not have any way to view the police video disc if it were allowable property obtained through an approved vendor. Appellant was advised to request to view the video disc with assistance from the Investigative Serivces [sic] Unit, or appellant can request a transcript of the video from the Inglewood Police Department. No violation of departmental policy or procedures were discovered in the review of the grievance. Thus, the claim is denied.

*Id.* at 10.

C. **Parties' Positions**

Defendants contend the Complaint does not allege a claim under 42 U.S.C. § 1983 and fails to allege an injury. Dkt. No. 2. Additionally, Defendants argue that Plaintiff fails to state an IIED claim because he does not allege Defendants acted with "extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Id.*

Plaintiff contends Defendants did not comply with Fed. R. Civ. P. 12(A)(i)'s requirement to serve an answer within 21 days of service with of a summons and

complaint. Dkt. No. 10. Plaintiff also contends he is entitled to amend the complaint, should the Court grant Defendants' Motion to Dismiss. *Id.*

Defendants reply that their Motion was filed timely following removal, thereby tolling the time permitted for filing an answer. Dkt. No. 13. Defendants further contend that Plaintiff "offers no argument, analysis, or rebuttal to Defendants' Motion to Dismiss" and request the Court dismiss Plaintiff's complaint without leave to amend. *Id.*[1]

## II.
## LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[2] To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party," *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007), but need not "accept as

---

[1] Defendants are correct that a timely motion to dismiss tolls the deadline to answer a complaint. Fed. R. Civ. P. 12(a)(4). However, Defendants assume their motion was timely filed. *See* Fed. R. Civ. P. 81(c)(2)(C) (where defendant did not answer before removal, must respond to complaint "7 days after the notice of removal is filed"). Given that this issue was not raised by the parties, the Court will consider the motion to dismiss on the merits.

[2] Unless otherwise noted, all internal quotations marks, ellipses, brackets, citations, footnotes and parallel reporter citations are omitted.

1  true allegations that are merely conclusory, unwarranted deductions of fact, or
2  unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F. 3d 1049, 1055 (9th
3  Cir. 2008).

4  Pleadings drafted by *pro se* inmates such as Plaintiff are "held to less
5  stringent standards than formal pleadings drafted by lawyers" and the Court must
6  construe them "liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).
7  Nevertheless, the complaint "must allege with at least some degree of particularity
8  overt facts which defendant[s] engaged in to support plaintiff's claim," *Herrejon v.
9  Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1196 (E.D. Cal. 2013), and
10 the Court must not "supply essential elements of the claim that were not initially
11 pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

12 The Court may consider material which is properly submitted as part of the
13 complaint, such as an attached exhibit or a document incorporated by reference
14 into the complaint, without converting the motion to dismiss into a motion for
15 summary judgment. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484
16 (9th Cir. 1995). However, the Court "*may not* look beyond the complaint to a
17 plaintiff's moving papers, such as a memorandum in opposition to a defendant's
18 motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1
19 (9th Cir. 1998).

20 Where a complaint does not survive a Rule 12(b)(6) analysis, the Court will
21 grant leave to amend unless it determines that no modified contention "consistent
22 with the challenged pleading…[will] cure the deficiency" making amendment futile.
23 *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655,658 (9th Cir. 1992) (internal
24 citation omitted); *see Ramirez v. Galaza,* 334 F.3d 850, 861 (9th Cir. 2003).  Before
25 dismissing a *pro se* complaint the district court must provide a *pro se* litigant notice
26 of the deficiencies within the complaint to ensure that the litigant uses the
27 opportunity to amend effectively. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.
28 1992).

## III.

## DISCUSSION

### A. Plaintiff's Asserts A Section 1983 Claim

Defendants correctly point out that Plaintiff's Complaint does not directly cite 42 U.S.C. § 1983. However, in denying Plaintiff's motion to remand, the Court "construed Plaintiff's claim that state prison officers wrongly denied him access to legal materials for his state criminal and habeas cases as a 42 U.S.C. § 1983 claim for a violation of the First Amendment right to access the courts." Dkt. No. 11. Having construed the Complaint as seeking relief under § 1983, the Court declines to dismiss Plaintiff's civil rights claim because it does not directly reference that statute.

### B. The Complaint Does Not State A Claim For Right To Access The Courts

Plaintiff alleges Defendants deprived him of access to and possession of the CD containing BWC footage from IPD and thereby interfered with Plaintiff's right to access the courts. Defendants contend the Complaint does not allege that Plaintiff suffered an injury. The Court agrees with Defendants.

"Under the First Amendment, a prisoner has both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances." *Silva v. Di Vittorio*, 658 F. 3d 1090, 1101-02 (9th Cir. 2011) *overruled on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). This right forbids states from erecting barriers that impede the right of access of incarcerated persons. *Id.* at 1102. As such, "prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials. " *Id.* at 1103 (emphasis in original).

"Claims for denial of access to the courts may arise from systemic official action that frustrates a plaintiff in preparing and filing suits at the present time (known as a forward-looking claim), or from official acts resulting in the loss of a

claim or suit that cannot now proceed (a backward-looking claim)." *Mascorro v. Cnty. of San Diego*, No. 21-CV-2012-RSH-DDL, 2025 WL 3251602, at *5 (S.D. Cal. Nov. 21, 2025).

A plaintiff alleging a violation of the right to access the court "must identify a 'nonfrivolous,' 'arguable' underlying claim," and "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. Thus, the complaint must allege the "predicate claim" "well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id. See also id.* at 417-18 ("the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it.").

In addition, a plaintiff "must allege 'actual injury' as the threshold requirement to any access to courts claim." *Thompson v. Taboada*, No. 25-CV-01921-AJB-SBC, 2025 WL 3014552, at *5 (S.D. Cal. Oct. 28, 2025). "An 'actual injury' is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* The "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008). As the Ninth Circuit has explained:

> To pursue an access claim at the pleading stage, [the plaintiff] must show that he has suffered an "actual injury" by plausibly alleging that a prison official interfered with his "capability of bringing contemplated challenges to sentences or conditions of confinement before the

> courts." *Lewis v. Casey*, 518 U.S. 343, 349, 353 n.3, 356 [] (1996). Satisfying this standard requires pleading that a prison official took some action that prevented [the plaintiff] from having "'meaningful access' to the courts." *Phillips v. Hust*, 588 F.3d 652, 655–56 (9th Cir. 2009) (quoting *Lewis*, 518 U.S. at 351 []). Simply alleging a wrongful act *in vacuo* will not suffice. *Lewis*, 518 U.S. at 351 []. The "right at issue" is not "the right to a law library" or the right to receive one's mail; it is the right to access the courts to press a claim. *Id.* at 350 []. Thus, an "inmate ... must ... demonstrate that the alleged shortcomings ... hindered his efforts to pursue a legal claim." *Id.* at 351.
>
> In addition to pleading an underlying claim, a backwards-looking access claim must plead a remedy that "may be awarded as recompense but [is] not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 415 [] (2002).

*Penton v. Pool*, 724 F. App'x 546, 548-49 (9th Cir. 2018).

Here, Plaintiff's Complaint does not sufficiently allege an access to courts claim under the foregoing standards:

First, the Complaint does not adequately "identify a 'nonfrivolous,' 'arguable' underlying claim" that Plaintiff contends he was seeking to pursue. *Christopher*, 536 U.S. at 415. Plaintiff's Complaint identifies a pending "1054.9 Discovery Motion" in an unidentified case in the Los Angeles Superior Court. Plaintiff also asserts in his Complaint that he was "preparing to file a writ of habeas and Pitchess motion against Officer Paul Devlin of the [IPD]." Dkt. No. 1-3 at 7. It is unclear if Plaintiff alleges these were two separate predicate claims or a singular predicate claim in which Plaintiff was seeking relief. Therefore, there are insufficient facts pled showing that Plaintiff's predicate claims are nonfrivolous and arguable. In any amended complaint, Plaintiff must plead facts describing "the underlying cause of

1  action and its lost remedy" sufficient "to give fair notice" to Defendants.
2  *Christopher*, 536 U.S. at 416 (2002).

3  Second, Plaintiff's Complaint does not allege an "actual injury" caused by
4  Defendants' conduct. As discussed above, an actual injury is "actual prejudice
5  with respect to contemplated or existing litigation, such as the inability to meet a
6  filing deadline or to present a claim." *Thompson*, 2025 WL 3014552, at *5. Plaintiff
7  generally alleges that Defendants refused to give him the bodycam footage CD
8  and instead returned the CD to IPD. However, Plaintiff does not allege any facts
9  as to how Defendants' actions interfered with his "capability of bringing
10 contemplated challenges to sentences or conditions of confinement before the
11 courts." *Lewis*, 518 U.S. at 349. Plaintiff contends he was "preparing to file a writ
12 of habeas and Pitchess motion" and that there was a pending "1054.9 Discovery
13 Motion," but he does not allege facts showing that Defendants' conduct prevented
14 him from bringing these motions or that he was unable to press his claims within
15 the existing unidentified predicate matter for the discovery motion due to the
16 Defendants' actions. As a result, Plaintiff has failed to sufficiently allege official
17 acts that frustrated his underlying cause of action or litigation. In any amended
18 complaint, Plaintiff must allege facts demonstrating "that a prison official took some
19 action that prevented [him] from having meaningful access to the courts." *Penton*,
20 724 F. App'x at 549.

21 Third, the Court concludes that Plaintiff's Complaint does plead a remedy
22 that "may be awarded as recompense but [is] not otherwise available in some suit
23 that may yet be brought." *Christopher*, 536 U.S. at 415. Plaintiff prays for
24 $1,500,000 in damages as recompense for Defendants' conduct. "These are
25 money damages that may be awarded in a successful access-to-courts § 1983
26 action, and are not clearly duplicable through another type of action." *Penton*, 724
27 F. App'x at 550.
28 / / /

Because Plaintiff has failed to plead allegations sufficient to support a right of access to the court claim, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's right of access to the courts claim against all Defendants be **GRANTED WITH LEAVE TO AMEND**.

### B. <u>IIED claim</u>

Plaintiff's second cause of action alleges Defendants "intentional[ly] interfered with evidence sent to Plaintiff bodycam video also intentionally inflicted emotional/physical distress." *Id.* at 8. Given that the language regarding Defendants' interference with evidence is duplicative of Plaintiff's right to access the courts claim, the Court construes this claim as alleging IIED.

"Under California law, a prima facie case of IIED requires the following: (1) extreme and outrageous conduct by the defendant; (2) with the intention of causing, or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct." *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1021 (S.D. Cal. 2018). Taking the allegations of Plaintiff's Complaint in their entirety, and in the light most favorable to Plaintiff, Plaintiff has failed to allege facts in support of the elements for an IIED claim. Plaintiff does not sufficiently plead extreme and outrageous conduct by any of the Defendants or their intent or reckless disregard. Further, aside from conclusory allegations that he has suffered from IIED, Plaintiff does not allege facts indicating that he has suffered severe or extreme emotional distress due to the Defendants' conduct. The Court therefore **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's IIED claim against all Defendants be **GRANTED WITH LEAVE TO AMEND**.

/ / /
/ / /
/ / /

## IV.

## CONCLUSION AND RECOMMENDATION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order:

(1) Approving and adopting this Report and Recommendation; and

(2) Granting Defendants' Motion to Dismiss [Dkt. No. 2] and holding that:

(A) Plaintiff's right of access to the courts claim is dismissed with leave to amend; and

(C) Plaintiff's IIED claim is dismissed with leave to amend.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **January 12, 2026**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 26, 2026**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: December 29, 2025

/s/ David Leshner

Hon. David D. Leshner
United States Magistrate Judge