UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. WARSAW,<br><br>Plaintiff,<br><br>v.<br><br>CAPTAIN J. GARCIA, CDCR A.W - A MAY AND STAFF A. PEREZ,<br><br>Defendants. | Case No.:  25-cv-1262-JO-DDL<br><br>**ORDER DENYING<br>(1) PLAINTIFF'S "MOTION ACCEPT CONCEDE BY DEFENDANTS" AND<br>(2) PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO ANSWER<br>[Dkt. Nos. 28, 32]** |

Currently before the Court are Plaintiff's April 22, 2026 "Motion [to] Accept Concede by Defendants of Plaintiff Claim Access to the Court" [*see* Dkt. No. 28], Defendants' May 5, 2026 opposition to the motion [*see* Dkt. No. 31], and Plaintiff's May 5, 2026 Motion to Compel Defendants to Answer [*see* Dkt. No. 32].  For the reasons set forth below, Plaintiff's motions are **DENIED**.

## BACKGROUND

Plaintiff filed a First Amended Complaint on March 20, 2026 alleging Defendants violated his right to access the courts and intentionally inflicted emotional distress.  Dkt. No. 24, Plaintiff's First Amended Complaint ("FAC").

/ / /

On April 9, 2026, Defendants filed a Motion to Dismiss Plaintiff's Claim for Intentional Infliction of Emotional Distress for Failure to State a Claim for Which Relief May be Granted.  Dkt. No. 25.

On April 22, 2026, Plaintiff filed a "Motion [to] Accept Concede by Defendants of Plaintiff Claim Access to the Court." *See* Dkt. No. 28.  Plaintiff seeks an order from the Court acknowledging Defendants' concession to the validity of Plaintiff's right to access to the courts claim.  *Id.* at 2.  Plaintiff argues that because Defendants have only moved to dismiss his claim for the intentional infliction of emotional distress ("IIED") and not his claim for violating his right to access the courts, Defendants concede defeat on the claim for access to the courts.  *Id.* at 1-2.  Considering the concession, Plaintiff requests that the Court schedule a Case Management Conference and issue a pretrial scheduling order. *Id.* at 2.

On May 5, 2026, Defendants filed a response to the motion.  Dkt. No. 31. Defendants contend that they "did not 'concede' that they violated Plaintiff's First Amendment right to access the courts."  *Id.* at 1.  Defendants further contend that while they have not moved to dismiss Plaintiff's claim for First Amendment violations related to access to the courts, they are not conceding to Plaintiff's claims or in default. [1]  *Id.* at 1-2.

On May 5, 2026, Plaintiff filed a Motion to Compel Defendants to Answer. Dkt. No. 32. Plaintiff seeks an order compelling Defendants to answer the FAC.

---

[1] On April 28, 2026, Plaintiff filed a Request for Entry of Default Judgment. Dkt. No. 29.  Plaintiff argued Defendants failed to defend themselves and conceded defeat as to Plaintiff's access to the courts claim.  *Id.*  Plaintiff sought $1,500,000.00.  *Id.*  The Clerk's Office's did not enter default judgment and default judgment would not be appropriate here, where Defendants have not failed to plead or otherwise defend against Plaintiff's allegations.  *See* Docket; *see also* Fed. R. Civ P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

25-cv-1262-JO-DDL

*Id.* at 1.  Plaintiff cites Fed. R. Civ. P. 81, which concerns the applicability of the Federal Rules in removed actions, and argues that Defendants were required to answer his complaint within seven days of removing the matter to this Court and failed to do so.  *Id.*  Plaintiff further argues Defendants not only violated the Federal Rules of Civil Procedure, but also considerations of fairness.  *Id.*

## **DISCUSSION**

Plaintiff's argument that Defendants were required to answer his complaint within seven days of removal refers to his original complaint  that was removed to this Court on May 16, 2025.  Dkt. No. 1-3.  That complaint is no longer the operative complaint in this matter.  Dkt. No. 22.  The operative complaint is the FAC that was filed on March 20, 2026.  FAC.  Defendants have timely responded to the FAC.  Pursuant to Fed. R. Civ. P. 15(a)(3), Defendants had fourteen days to respond to Plaintiff's FAC.  *See* Fed. R. Civ. P. 15(a)(3) ("Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").[2]  Defendants filed their motion to dismiss on April 9, 2026, twenty days after Plaintiff's FAC was received by the Court and sixteen days after the FAC was entered on the Court's docket.[3]  While Defendants missed the fourteen day deadline, Fed. R. Civ. P. 12(b)(6) permits the filing of a Rule 12(b)(6) motion to dismiss any time before a responsive

---

[2] *See Yousuf v. Long Feng Corp.*, No. 1:21-CV-00015, 2022 WL 20681089, at *2, n.2 (D. N. Mar. I., May 10, 2022) ("other courts have found that motions to dismiss are proper responsive filings for purposes of interpreting Rule 15(a)(3)'s timing requirements"); *see also See Farmer v. Las Vegas Met. Police Dep't*, 423 F. Supp. 3d 1008, 1015 (D. Nev. 2019).

[3] The FAC does not contain a proof of service stating when Defendants were served with the FAC, but they received a Notice of Electronic Filing on March 24, 2026.  *See* Docket.

25-cv-1262-JO-DDL

pleading is filed.  Fed. R. Civ. P. 12(b)("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").  This is true even when the motion is filed after the responsive pleading deadline.  *See Iturbe v. Sunny Acre LLC*, No. CV 24-6644 PA (AGRX), 2025 WL 2631602, at *4  (C.D. Cal., Apr. 25, 2025) ("although Defendant did not file a responsive pleading to the FAC within the required time under Rule 15(a)(3), this does not render its Motion [to dismiss] untimely; the Court will therefore consider the Motion on the merits").[4]  Therefore, Defendants' motion to dismiss is timely.

"The  timely filing  of  a  motion to  dismiss under  Rule  12(b)(6)  tolls the time allowed for filing an answer to the complaint."  *Olsen v. Hayes*, 217 F.3d 845 (9th Cir. 2000); *see also Sample v. O'Hara*, 481 Fed.Appx. 319, 320 (9th Cir. 2012) ("Although Federal Rule of Civil Procedure 12 prescribes a time period within which a defendant must file an answer to a complaint, the filing of a motion pursuant to Rule 12(b) tolls the answering deadline until the district court rules on the motion.").  This tolling applies to answers to both initial pleadings and amended pleadings.  *See Tenser v. Ryan*, No. CV1905496VBFRAO, 2020 WL 4760192, at *5 (C.D. Cal., May 26, 2020) (noting that "[o]ther district courts in this circuit agree that a motion to dismiss can toll the time to file an answer to an amended pleading" and listing cases, and finding persuasive that district courts in other circuits have found that "the same reasoning for tolling the time to answer applies when an amended complaint has been filed").

Given the timely motion to dismiss, Defendants' deadline to answer Plaintiff's FAC is tolled and Defendants' lack of answer to Plaintiff's claim for access to the courts cannot be interpreted as a concession from Defendants that Plaintiff should

---

[4]  Unless otherwise noted, all internal quotations marks, ellipses, brackets, citations, footnotes and parallel reporter citations are omitted.

25-cv-1262-JO-DDL

prevail on the merits. Accordingly, Plaintiff's Motion [to] Accept Concede by Defendants of Plaintiff Claim Access to the Court and Motion to Compel Defendants to Answer are **DENIED**.

**IT IS SO ORDERED.**

Dated: May 15, 2026

_David Leshner_
_____
Hon. David D. Leshner
United States Magistrate Judge

25-cv-1262-JO-DDL