UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER D. WARSAW,
Plaintiff,
v.
CAPTAIN J. GARCIA, CDCR A.W. - A MAY, STAFF A. PEREZ,
Defendants.

Case No.: 25-cv-1262-JO-DDL

**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**[Dkt. No. 25]**

The undersigned respectfully submits this Report and Recommendation to United States District Judge Jinsook Ohta pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.3. Plaintiff Christopher D. Warsaw ("Plaintiff"), an inmate at Richard J. Donovan Correctional Facility ("RJD"), is proceeding *pro se* in this civil rights action. Before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint by Defendants A. Perez, J. Garcia, and A. May (collectively "Defendants"). Dkt. No. 25-1 ("MTD").

For the reasons stated below, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss without leave to amend.

/ / /

/ / /

# I.

# BACKGROUND

## A. Procedural History

On February 13, 2025, Plaintiff filed his initial complaint in the Superior Court of California, County of San Diego. Dkt. No. 1-4 at 13-39. Defendants removed the action to this Court on May 16, 2025. *Id.*

On May 29, 2025, Defendants filed a Motion to Dismiss Plaintiff's complaint for Failure to State a Claim. Dkt No. 2.

On December 29, 2025, Judge Leshner issued a Report and Recommendation for Order Granting Defendants' Motion to Dismiss with Leave to Amend. Dkt. No. 15.

On February 27, 2026, Judge Ohta issued an Order Adopting the Report and Recommendation in its entirety. Dkt. No. 22.

On March 20, 2026, Plaintiff filed a First Amended Complaint. Dkt. No. 24.

On April 9, 2026, Defendants filed the instant Motion to Dismiss Plaintiff's Claim for Intentional Infliction of Emotional Distress ("IIED") for Failure to State a Claim. Dkt. No. 25.

On May 13, 2026, Plaintiff filed an opposition to Defendants' MTD. Dkt. No. 34 ("Oppo."). Defendants replied on June 15, 2026. Dkt. No. 36 ("Reply").

## B. Complaint Allegations

Plaintiff's First Amended Complaint alleges that he was denied access to the courts when he was preparing a habeas petition based on false evidence and that Defendants intentionally inflicted emotional and physical distress upon him. Dkt. No. 25 ("FAC"). Plaintiff alleges that he requested Officer Paul Devlin's body worn camera ("BWC") footage from a shooting incident involving Plaintiff because Officer Devlin provided false testimony at Plaintiff's trial. *Id.* at 2. Plaintiff intended to use the evidence to demonstrate the misconduct surrounding his case for his habeas petition. *Id.* Plaintiff requested the BWC footage from the Inglewood

Police Department, and Lieutenant Scott Collins responded and sent the footage. *Id.* at 3-4, 13. Plaintiff alleges that Defendants denied him access to the footage once it arrived and that Defendant A.W. May "was full[y] aware and determine[d] not to let Plaintiff have access to the CD footage." *Id.* at 5, 8. Plaintiff notes that Defendants' refusal to provide the footage prejudiced him and prevented him from accessing the courts. *Id.* at 11.

Plaintiff further alleges that Defendants intentionally inflicted physical and emotional distress upon him due to their "extreme and outrageous conduct." *Id.* at 16. Specifically, because Defendants knew that Plaintiff had a right "to communicate with all city, county, state and federal official[s] confidentially, including receiving legal mail from Lt. Scott Collins of the Inglewood Police Dept.," and falsely identified the video footage as contraband, Defendants' behavior was "extreme and outrageous." *Id.* Plaintiff notes that he was never disciplined for receiving contraband materials and that Defendants knew their actions were "more than likely with a high probability of causing/inflicting distress." *Id.* at 17. Plaintiff's emotional distress damages include humiliation, suffering, pain, anger, frustration, and disgust. *Id.* Plaintiff does not plan to have anyone testify as to his emotional distress and is seeking $300,000 in damages. *Id.*

**C. <u>Parties' Positions</u>**

Defendants argue that:

> Plaintiff fails to state a claim for which relief may be granted as to his state law claims for intentional infliction of emotional distress because there are no allegations showing Defendants acted with extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress.

Dkt. No. 25 at 2.

Plaintiff contends he adequately pleads that Defendants' behavior constituted extreme and outrageous conduct, especially given the power imbalance between Plaintiff and Defendants. Oppo. at 1-2. Plaintiff further

explains that the behavior was outrageous because (1) Plaintiff's confidential communications with Lieutenant Collins were breached, (2) the BWC footage was returned before Plaintiff could exhaust his administrative remedies, (3) Defendant A. May smirked at Plaintiff and said he had sixty days to respond when Plaintiff asked why white inmates were allowed to view their discovery, but he was not, (4) the May 24, 2026 Office of Appeal decision contained lies about the ability to view the footage, (5) Defendants improperly labeled the footage as contraband, and (6) Defendants conceded that they violated Plaintiff's right to access the courts.[1] *Id.* at 3-4. Plaintiff further contends Defendants' behavior was intended to inflict emotional distress and that he did in fact suffer "mental anguish, humiliation, emotional distress, anger, [and] frustration." *Id.* at 5. Finally, Plaintiff contends that the cause of his emotional distress is directly linked to Defendants' outrageous conduct. *Id.* at 7.

Defendants reply that Plaintiff has failed to identify alleged actions that are extreme and outrageous. Reply at 1. Defendants note that Plaintiff does not allege that Defendants prevented him from communicating with Lieutenant Collins or disclosed Plaintiff's communications with Lieutenant Collins to others. *Id.* at 2-3. Defendants further note that Plaintiff was provided with instructions on how he could arrange to see the BWC footage and that even if Defendants lied to Plaintiff as alleged, those lies "cannot support a claim for intentional infliction of emotional distress because those actions are not extreme and outrageous." *Id.* at 4.

///

///

---

[1] Plaintiff filed his opposition to the MTD prior to receiving the Court's order denying his Motion [to] Accept Concede by Defendants of Plaintiff Claim Access to the Court" [*see* Dkt. No. 28], and Motion to Compel Defendants to Answer [*see* Dkt. No. 32]. Dkt. No. 33.

## II.

## LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[2] To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party," *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007), but need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F. 3d 1049, 1055 (9th Cir. 2008).

Pleadings drafted by *pro se* inmates such as Plaintiff are "held to less stringent standards than formal pleadings drafted by lawyers" and the Court must construe them "liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nevertheless, the complaint "must allege with at least some degree of particularity overt facts which defendant[s] engaged in to support plaintiff's claim," *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1196 (E.D. Cal. 2013), and the Court must not "supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

The Court may consider material which is properly submitted as part of the

---

[2] Unless otherwise noted, all internal quotations marks, ellipses, brackets, citations, footnotes and parallel reporter citations are omitted.

complaint, such as an attached exhibit or a document incorporated by reference into the complaint, without converting the motion to dismiss into a motion for summary judgment. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, the Court "*may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Where a complaint does not survive a Rule 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading…[will] cure the deficiency" making amendment futile. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655,658 (9th Cir. 1992) (internal citation omitted); *see Ramirez v. Galaza,* 334 F.3d 850, 861 (9th Cir. 2003). Before dismissing a *pro se* complaint the district court must provide a *pro se* litigant notice of the deficiencies within the complaint to ensure that the litigant uses the opportunity to amend effectively. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## III.

## DISCUSSION

"Under California law, a prima facie case of IIED requires the following: (1) extreme and outrageous conduct by the defendant; (2) with the intention of causing, or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct." *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1021 (S.D. Cal. 2018). The conduct must be "so extreme and outrageous as to go beyond all possible [bounds] of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Tanielian v. Guerrero*, No. 1:23-CV-01384-KES-CDB, 2025 WL 3292369, at *4 (E.D. Cal., Nov. 26, 2025).

After considering the FAC's allegations in the light most favorable to Plaintiff, the Court concludes Plaintiff has failed to allege sufficient facts in support of the elements for an IIED claim.

**A. <u>Extreme and Outrageous Conduct</u>**

"A defendant's conduct is considered to be outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Crouch v. Trinity Christian Ctr. of Santa Ana, Inc.*, 39 Cal. App. 5th 995, 1007 (2019). Plaintiff's allegations of extreme and outrageous conduct include Defendants lying and conspiring to deny Plaintiff access to the BWC footage, violating policies that permitted Plaintiff to correspond with Lieutenant Collins, ignoring Plaintiff's question regarding the ability of white inmates to review legal materials on CDs and thumb drives, identifying the BWC footage as illegal contraband instead of legal materials, and incorrectly stating that Plaintiff would have been unable to view the footage had it been given to him. FAC at 16-19; Oppo.

Even if these allegations sufficiently allege the defendants denied Plaintiff access to the courts – which is Plaintiff's first cause of action that Defendants do not move to dismiss – the alleged conduct is not "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Crouch*, 39 Cal. App. 5th at 1007. *See, e.g.*, *Kohut v. Allison*, No. 1:20-cv-01584-JLT-CDB (PC), 2025 WL 1370288, at *13 (E.D. Cal. May 9, 2025) ("Refusing or failing to properly handle Plaintiff's mail and engaging in retaliatory behavior does not amount to conduct so extreme is exceeds all bounds of decency to be atrocious and utterly intolerable in a civilized community."); *Gibson v. Dzurenda,* No. 3:18-cv-00190-MMD-WGC, 2020 WL 8611152, at *6 (D. Nev. Aug. 28, 2020) (permitting plaintiff to proceed on First Amendment claim that correctional officer improperly opened his legal mail outside of his presence, which resulted in a leak of Plaintiff's confidential PREA report and subjected Plaintiff to be a target for retaliatory assault, but dismissing related IIED claim for lack of extreme and outrageous conduct); *Novak v. Merced*

*Police Department*, No. 1:13-cv-01402-BAM, 2016 WL 2984278, at *13 (E.D. Cal. May 23, 2016) ("fraudulent misrepresentations, without more, are not sufficiently outrageous to support a cause of action for intentional infliction of emotional distress").

**B. Intent to Cause or Reckless Disregard of Causing Emotional Distress**

Plaintiff has not alleged that Defendants acted with the intent to cause emotional distress or in reckless disregard of whether their conduct would do so. Plaintiff alleges that "Defendants' actions were intentional with full knowledge that there [sic] acts would more than likely with a high probability of causing/inflicting emotional distress upon Plaintiff." FAC at 17. Plaintiff argues that Defendants' behavior "proves intent as to defendants' motive & determination with reckless disregard of the probability of inflicting emotional distress as a result of their bad actions of violating Plaintiff's rights." Oppo. at 5.

"Conclusory, 'threadbare' allegations that merely recite the elements of a cause of action will not defeat a motion to dismiss." *Victoria*, 326 F. Supp. 3d at 1021. The FAC's general statements combined with the lack of extreme and outrageous conduct are insufficient to satisfy the second element required for IIED. Plaintiff further argues that Defendants' actions prove an intent to inflict distress because Defendants knew their actions were hindering Plaintiff's pursuit of his state habeas claim which would ultimately lead to Plaintiff remaining under their authority and supervision. *Id.* at 10. However, Plaintiff does not allege any facts in support of his allegation that Defendants knew that their actions were hindering his habeas petition and engaged in those actions intending to cause severe emotional distress. *See, e.g.*, *Black v. City of Blythe*, 562 F. Supp. 3d 820, 832 (C.D. Cal. 2022) (granting motion to dismiss IIED claim where plaintiff "fails to allege that the City's officers intended to cause emotional distress" and plaintiff's "conclusory statements that their conduct was 'intentionally harmful' and undertaken 'with the intent of, or reckless' are inadequate").

**C. Suffering Severe or Extreme Emotional Distress**

Plaintiff does not allege that he has suffered severe or extreme emotional distress and, therefore, Plaintiff does not allege facts satisfying element three of a prima facie case of IIED. Oppo. at 5. Plaintiff alleges that he has experienced mental anguish, humiliation, emotional distress, anger, and frustration, but also notes that his emotional distress is "garden-variety[,]" his mental state should not be placed in controversy, and he will not call any experts to testify regarding his IIED claim. *Id.* at 5-6 ("Plaintiff assert[s] Garden-Variety of the kind any inmate would experience/suffer in prison" when their rights are violated.); *see also* FAC at 17; *Hupp v. San Diego Cnty.*, No. 12cv0492 GPC(RBB), 2013 WL 5408644, at *7 (S.D. Cal. Sept. 25, 2013) ("By alleging a claim for [IIED] and seeking damages for mental and emotional injuries, Hupp is seeking more than garden-variety emotional distress damages."); *Lira v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02588-JSW (KAW), 2018 WL 2128707, at *3 (N.D. Cal. May 9, 2018) ("In turn, garden-variety emotional distress has been defined as ordinary or commonplace emotional distress or that which is simple or usual. ... Emotional distress that is not garden-variety may be complex, such as that resulting in a specific psychiatric disorder, or where there is a claim for [IIED]."); *Dixon v. Partida*, No. 22-CV-04461-AMO, 2025 WL 3141106, at *11 (N.D. Cal., Nov. 10, 2025) ("Severe emotional distress means emotional distress of such substantial ... or enduring quality that no reasonable [person] in civilized society should be expected to endure it.")

**D. Actual and Proximate Causation of the Emotional Distress**

As explained above, Plaintiff does not sufficiently allege facts supporting outrageous conduct by Defendants nor does he allege facts showing he suffered extreme emotional distress. Because no outrageous conduct or extreme emotional distress has been alleged, Plaintiff also has not alleged facts demonstrating the actual and proximate causation of extreme emotional distress by Defendants' alleged outrageous conduct.

**E. <u>Conclusion</u>**

Because Plaintiff has failed to allege facts in support of his IIED claim and cannot allege extreme and outrageous behavior based on the conduct described, Defendant's Motion to Dismiss Plaintiff's IIED claim against all Defendants should be granted without leave to amend. "Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment." *Sanchez v. CoreCivic, Inc.*, No. 3:25-CV-1944-JES-BLM, 2025 WL 2962441, at *2 (S.D. Cal., Oct. 20, 202). Defendants filed a motion to dismiss Plaintiff's initial complaint [*see* Dkt. No. 2] that was granted on February 27, 2026. Dkt. No. 22. The motion was dismissed with leave to amend, and Plaintiff was given the opportunity to amend his complaint. *Id.*; *see also* Dkt. No. 15 (Report and Recommendation for Order Granting Defendants' Motion to Dismiss with Leave to Amend); FAC. Because Plaintiff has been given two opportunities to allege an IIED claim and is unable to do so, the Court finds that further amendment would be futile and **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's IIED claim against all Defendants be **GRANTED WITHOUT LEAVE TO AMEND**.

**IV.**

**<u>CONCLUSION AND RECOMMENDATION</u>**

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order:

(1) Approving and adopting this Report and Recommendation; and

(2) Granting Defendants' Motion to Dismiss [Dkt. No. 25] and holding that Plaintiff's intentional infliction of emotional distress claim is dismissed without leave to amend.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **<u>August 24, 2026</u>**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 4, 2026**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: August 3, 2026

Hon. David D. Leshner
United States Magistrate Judge